**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TONIE M. GREVE,

        Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DE-1221-15-0540-W-1

DATE: May 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tonie M. Greve</u>, Mesa, Arizona, pro se.

<u>Carol Liang</u>, Esquire, and <u>Margaret Cordova</u>, Denver, Colorado, for the
   agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in connection with her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On review, the appellant, a GS-9 Clinical Nurse, first attempts to parse out the reasons for which she was removed, arguing, for instance, that regarding charge 1, she did not, in fact, violate the Health Insurance Portability and Accountability Act (HIPAA) because scheduling appointments was part of her official duties as a Clinical Nurse, and because using the computer was how she carried out those duties. Petition for Review (PFR) File, Tab 1 at 1-2. However, this is an IRA appeal, not a removal appeal. Therefore, the agency is not required to prove its charges by preponderant evidence; rather, the only merits issues before the Board are whether the appellant has demonstrated that whistleblowing or other protected activity was a contributing factor in one or more personnel actions and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action(s) in the absence of the whistleblowing or other protected activity. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 18 n.7 (2013); 5 C.F.R. § 1209.2(c). It is true that the agency's charges, specifically, the strength of the evidence in support of them, are a consideration for the agency under its burden to show that it would have taken the action even in the absence of the appellant's whistleblowing. *Carr*

*v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999). But even if the appellant's claim regarding HIPAA is true, it overlooks the fact that the individuals for whom she scheduled appointments, after accessing their health records on her Government computer, were her family members, and that doing so is prohibited by a provision on Ethical Conduct in the Indian Health Manual. Initial Appeal File (IAF), Tab 30 at 19. In addressing the agency's burden in this regard, the administrative judge carefully weighed all the evidence, *Whitmore v. Department of Labor*, [680 F.3d 1353](), 1368 (Fed. Cir. 2012); IAF, Tab 50, Initial Decision (ID) at 19-22, but found, relying on the criteria set forth by the Board in *Hillen v. Department of the Army*, [35 M.S.P.R. 453](), 458 (1987),[2] that the agency's evidence was more credible than the appellant's, ID at 22-26, and that the agency's evidence in support of charge 1 was strong, ID at 17-27. Under the circumstances, the appellant has not shown that, based on her interpretation of HIPAA, the administrative judge erred in his consideration of charge 1.

¶3      Similarly, on review, the appellant attempts to explain her intentions as to charge 4 in which the agency alleged that she violated the IT Rules of Behavior when she improperly responded "to all" to an email sent by the Acting Clinical Director, rather than just responding to the sender. PFR File, Tab 1 at 2. To the extent the appellant is suggesting that her response constituted a protected disclosure for which the Acting Clinical Director retaliated against her, *id.* at 3, the administrative judge found that she had not exhausted her remedy before the Office of Special Counsel as to that purported disclosure and had not, therefore,

---

[2] In *Hillen*, the Board found that, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

established the Board's jurisdiction over it,[3] ID at 29; IAF, Tab 35 at 3. The appellant has not taken exception to the administrative judge's finding on exhaustion. Further, as noted above, while the agency is not required to prove the charges in an IRA appeal, 5 C.F.R. § 1209.2(c), the Board must consider the strength of its evidence in support of its charges under its burden to show that it would have taken the same action in the absence of the appellant's whistleblowing. *Carr*, 185 F.3d at 1323. Regarding charges 4 and 5, in which the agency alleged that the appellant took an inappropriate tone in her response to the email, the administrative judge thoroughly reviewed the parties' evidence, *Whitmore*, 680 F.3d at 1368, finding that the email that the appellant improperly distributed widely was disrespectful, and concluding that the agency's evidence in support of charges 4 and 5 was strong. ID at 27-30. Under the circumstances, we find that the appellant has not shown that the administrative judge erred in his consideration of charges 4 and 5. The appellant also has provided no basis for disturbing the administrative judge's thorough and well-reasoned findings as to the remaining *Carr* factors, and we agree with the administrative judge that the agency met its burden.[4]

¶4 The appellant also argues on review that the deciding official violated her due process rights, alleging that he "never reviewed any documents" and "did not review [her] response letter." PFR File, Tab 1 at 2. Although the record does not appear to support the appellant's claim, a claim of denial of due process may not, in fact, be raised in an IRA appeal. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 16 (2016); 5 C.F.R. § 1209.2(c).

---

[3] Despite his finding on exhaustion, the administrative judge afforded the appellant the opportunity at hearing to explain how she reasonably believed she was disclosing wrongdoing in her email, but he found that she failed to establish that claim. ID at 29-30.

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                     /s/ for
                                           _____
                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.